**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

**Carlos Huinter Vargas Araujo**

**Petitioner**

**v.**

**DAVID WESLING, Boston Field Office Director, U.S. Immigration and Customs Enforcement and Removal Operations ("ICE/ERO");**
**ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility ("PCCF")**
**TODD LYONS, Acting Director of U.S. Immigration Customs Enforcement ("ICE");**
**KRISTI NOEM, Secretary of the Department of Homeland Security ("DHS");**
**U.S.DEPARTMENT OF HOMELAND SECURITY; and**
**PAMELA BONDI, Attorney General of the United States**

**Respondents**

**Case No.: 1:26-cv-10529**

**EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS 28 U.S.C. § 2241**

## I. INTRODUCTION

1. Petitioner Carlos Huinter Vargas Araujo is a Nicaraguan national who is alleged to have entered the United States without inspection on August 9, 2022. DHS subsequently issued him a Notice to Appear and placed him into removal proceedings under 8 U.S.C. § 1229a; the NTA reflects that any prior § 235(b)(1) order had been vacated. DHS later issued a custody determination on November 21, 2022, releasing him from detention.

2. On February 2, 2026, ICE detained Mr. Vargas Araujo again and now asserts authority to hold him under 8 U.S.C. § 1225(b). That position is unlawful. Section 1225(b) governs border processing, not the detention of individuals who have long resided in the country and who were already placed into § 240 removal proceedings years ago. This District has

repeatedly held that such arrests and detentions fall under 8 U.S.C. § 1226(a) and require an individualized custody determination.

3. Petitioner therefore seeks habeas relief directing Respondents to provide him with a prompt custody hearing under § 1226(a).

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question).

5. Venue is proper in this district because Petitioner resides in Massachusetts, is detained in Massachusetts, and on information and belief is in the custody of Respondents in Middlesex County in this district. On information and belief, the Petitioner will be held at Plymouth County Correctional Facility in Plymouth, Massachusetts.

## III. PARTIES

6. Petitioner is a citizen of Nicaragua currently detained at ICE ERO Boston Field Office in Burlington, MA, under the custody of U.S. Immigration and Customs Enforcement.

7. Respondent Patricia Hyde is the Boston Field Office Director for U.S. Immigration and Customs Enforcement and Removal Operations ("ICE/ERO"). The Boston Field Office is responsible for custody determinations and enforcement actions in Massachusetts, including the detention of Petitioner. Respondent Hyde is the legal custodian of Petitioner.

8. Antone Moniz is the Superintendent of the Plymouth County Correctional Facility and is named in his official capacity. Petitioner will likely be transferred to Plymouth, and Superintendent Moniz is the official responsible for custody at that location. He is therefore an appropriate respondent to ensure the Court can order effective habeas relief.

9. Respondent Todd Lyons is the Acting Director of the U.S. Immigration and Customs Enforcement. He exercises authority over the operations of ICE nationwide, including the actions of ICE/ERO's Boston Field Office. Respondent Lyons is a legal custodian of Petitioner.

10. Respondent Kristi Noem is the Secretary of the Department of Homeland Security ("DHS"), the federal agency charged with enforcing the immigration laws of the United States. DHS oversees ICE and is ultimately responsible for the detention of Petitioner. Respondent Noem is a legal custodian of Petitioner.

11. Respondent U.S. Department of Homeland Security is the federal agency responsible for implementing and enforcing the immigration laws of the United States, including the detention and removal of noncitizens.

12. Respondent Pamela Bondi is the Attorney General of the United States and the head of the U.S. Department of Justice. The Attorney General has ultimate supervisory authority over the immigration courts and the Board of Immigration Appeals and is charged with ensuring compliance with federal law in immigration detention and removal matters.

## IV. FACTUAL BACKGROUND

13. Petitioner Carlos Huinter Vargas Araujo is a citizen and national of Nicaragua. He is alleged to have entered the United States without inspection on August 9, 2022. On September 4, 2022, the Department of Homeland Security issued him a Notice to Appear, placing him in removal proceedings under 8 U.S.C. § 1229a. The NTA reflects that any prior expedited-removal process had been vacated under the applicable regulations. *See* Exh. 1.

14. On November 21, 2022, DHS issued Petitioner a Form I-286 Notice of Custody Determination, expressly invoking its authority under 8 U.S.C. § 1226 and releasing him from custody. This custody determination is significant. By issuing a § 236 custody determination and releasing Petitioner, DHS necessarily acknowledged that he was not subject to mandatory detention under § 1225(b) and that his case proceeded in the ordinary § 240 removal framework.

15. Petitioner remained at liberty for more than three years while pursuing his immigration case.

16. On February 2, 2026, U.S. Immigration and Customs Enforcement detained Petitioner again. ICE now asserts that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) based solely on his original manner of entry. That assertion disregards DHS's own prior actions. DHS long ago exercised its authority under § 1226(a), issued a custody determination, released him, and placed him into regular § 240 proceedings, foreclosing any later attempt to retroactively reclassify him as an applicant for admission subject to § 1225(b).

17. Petitioner is currently held within the custody of the Boston ERO Field Office. He remains detained without the individualized bond hearing required under § 1226(a), notwithstanding the substantial period of residence in the United States and DHS's prior recognition that his detention falls under § 236.

## V. REQUIREMENTS OF 28 U.S.C. §§ 2241, 2243

18. The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the Respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an OSC is issued, the Court must require Respondents to file a return

"within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id*.

19. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391,400 (1963).

20. Petitioner is "in custody" for the purpose of § 2241 because Petitioner is arrested and detained by Respondents.

## VI. <u>CLAIMS FOR RELIEF</u>

### Count I – Violation of the Fifth Amendment Right to Due Process (Procedural Due Process)

21. Respondents' detention of Petitioner without an individualized custody determination violates the Due Process Clause of the Fifth Amendment. The Supreme Court has long made clear that the protections of the Due Process Clause extend to all persons within the United States, including noncitizens present without lawful status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

22. The Petitioner was arrested in the interior of the United States on about February 2, 2026. Respondents now purport to treat him as an "arriving alien" subject to mandatory detention under 8 U.S.C. § 1225(b), even though he has resided in the United States since 2022.

23. By classifying Petitioner as an "applicant for admission" under § 1225(b), Respondents have denied him the statutory protections that attach once custody is governed by 8

U.S.C. § 1226(a), including the right to an individualized custody hearing. This treatment unlawfully eliminates access to the procedural safeguards Congress provided for persons facing removal, such as the opportunity for a bond determination, the right to counsel, and the right to administrative and judicial review.

24. The First Circuit has held that due process requires an individualized custody determination for noncitizens detained under § 1226(a). *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021); *Brito v. Garland*, 22 F.4th 240, 256–57 (1st Cir. 2021). Respondents' reliance on § 1225(b) to deny Petitioner such a hearing is contrary to the statute, the Constitution, and controlling precedent.

25. Accordingly, Petitioner's detention violates his right to due process under the Fifth Amendment, and he is entitled to immediate release or, at minimum, an individualized custody hearing.

**Count II – Detention Not Authorized by Statute**
**(INA §§ 235(b) ; 8 U.S.C. § 1225(b))**

26. Petitioner entered the United States without inspection on August 9, 2022. Although he was initially processed under the expedited-removal framework and referred for a credible-fear interview, that process was later vacated, and on September 4, 2022, the Department of Homeland Security issued him a Notice to Appear, placing him into removal proceedings under 8 U.S.C. § 1229a.

27. DHS then exercised its domestic custody authority under 8 U.S.C. § 1226 by issuing a Form I-286 custody determination and releasing him from custody on November 21, 2022. A Form I-286 may only be issued when DHS is acting pursuant to § 236. By doing so, DHS necessarily recognized that Petitioner was no longer in expedited-removal

processing and was instead detained, if at all, under § 1226(a) while his § 240 case proceeded.

28. Now, more than three years after his entry and long after DHS placed him into regular removal proceedings, DHS asserts that Petitioner is subject to mandatory detention under § 1225(b) based solely on the manner of his 2022 entry. That position is contrary to the statute. Section 1225(b) governs temporary border processing; it does not supply authority for detention of a person who (1) has already undergone credible-fear processing, (2) had that process vacated, and (3) was subsequently placed into § 240 proceedings and released under § 1226.

29. Once the government elects the § 240 track and issues a § 236 custody determination, it cannot later revive § 1225(b) years after the fact to impose mandatory detention on someone already living inside the United States. Because Petitioner is detained within the country and is in § 240 proceedings, the governing statute is § 1226(a), which requires an individualized custody determination before a neutral decisionmaker.

30. Petitioner's current detention under § 1225(b) is therefore not authorized by the Immigration and Nationality Act, and he respectfully requests an order requiring Respondents to provide him a prompt custody hearing under § 1226(a).

**Count III – Violation of the Administrative Procedure Act**
**(Unlawful Agency Action, 5 U.S.C. § 706(2))**

31. Respondents' decision to detain Petitioner under 8 U.S.C. § 1225(b) constitutes agency action that is arbitrary, capricious, contrary to law, and in excess of statutory authority, in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)–(C). Although Petitioner was initially processed under the expedited-removal framework and referred for a credible-fear interview, that process was vacated under the governing regulations.

DHS then issued a Notice to Appear on September 4, 2022, formally placing Petitioner into removal proceedings under 8 U.S.C. § 1229a.

32. After doing so, DHS exercised its custody authority under 8 U.S.C. § 1226 by issuing a Form I-286 custody determination and releasing Petitioner on November 21, 2022. Once DHS elected the § 240 process and acknowledged Petitioner's custody status under § 1226, it could not lawfully revert to § 1225(b) as the basis for mandatory detention years later. Treating Petitioner as an "applicant for admission" in 2026, despite the vacatur of expedited-removal processing, the issuance of the NTA, and DHS's own § 236 custody determination, is inconsistent with the statutory framework and with DHS's prior, binding determinations regarding Petitioner's status.

33. Respondents' reliance on § 1225(b) disregards these critical facts, ignores the statutory distinction between border processing and interior apprehension, and contradicts the structure of the INA, which requires that individuals already placed into § 240 proceedings be detained, if at all, under § 1226(a) with access to an individualized custody determination.

34. By asserting authority under § 1225(b) where none exists, Respondents have acted without statutory authorization, have failed to consider relevant factors, and have adopted an interpretation inconsistent with law.

35. Petitioner therefore seeks vacatur of Respondents' unlawful detention decision and an order requiring the government to provide him a prompt custody hearing under 8 U.S.C. § 1226(a).

## VII. PRAYER FOR RELIEF

**WHEREFORE**, the Petitioner respectfully requests this Honorable Court grant the following:

1. Assume jurisdiction over this matter;
2. Order that Petitioner shall not be transferred outside the District of Massachusetts;
3. Issue an Order to Show Cause ordering Respondent to show cause as to why this Petition should not be granted within three days;
4. Declare that the Petitioner's detention violates the Due Process Clause of the Fifth Amendment;
5. Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately;
6. In the alternative, should the Court decline to order immediate release, direct Respondents to provide Petitioner with a prompt, constitutionally adequate bond hearing before a neutral decisionmaker at which the government bears the burden of proof to justify continued detention; and
7. Grant any such further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Gabriela J. Cerretani* Dated: February 2, 2026

Gabriela J. Cerretani, Esq.
BBO: 706130
Georges Cote Law LLP
235 Marginal St
Chelsea, MA 02150
617-884-1000
gcerretani@georgescotelaw.com
*Counsel for Petitioner*